UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONDRE JOVANTAE CARR, #498578,

        Petitioner,

v.                              CASE NO. 2:14-CV-11580
                                HONORABLE GERALD E. ROSEN

KEN ROMANOWSKI,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY**

        Michigan prisoner Leondre Jovantae Carr ("Petitioner") submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was signed by another prisoner (with the other prisoner's name), and an application to proceed in forma pauperis, which appeared to have been signed by that other prisoner (with Petitioner's name). On May 8, 2014, the Court issued a deficiency order requiring Petitioner to submit an original and two copies of the habeas petition signed by himself <u>or</u> an authorized representative <u>and</u> to submit either the $5.00 filing fee <u>or</u> a personally completed, signed, and dated application to proceed in forma pauperis and certified prison account statement within 30 days. Petitioner paid the filing fee on May 28, 2014, but did not correct the pleading deficiency by submitting an original and two copies of his habeas petition signed by himself or an acknowledged, authorized representative.

        Under 28 U.S.C. § 2242 ¶ 1, an application for a writ of habeas corpus "shall be in writing and verified by the person for whose relief it is intended or by someone acting in his behalf." *See also* Rule 2(c)(5) of the Rules Governing Section 2254 Cases (stating that the petition "must . . . be

signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242"). Additionally, Federal Rule of Civil Procedure 11(a) provides:

> [e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented. . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11(a). Because Petitioner has failed to comply with the court rules and fully satisfy the deficiency order, his petition must be dismissed. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on procedural grounds without addressing the merits of a habeas petition, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. This case is closed.

**IT IS SO ORDERED**.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: July 3, 2014

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 3, 2014, by electronic and/or ordinary mail.

          s/Julie Owens
          Case Manager, (313) 234-5135